# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION,

**TROY M. HILL,**

    **Plaintiff,**

**vs.**                                          **CASE NO. 4:23-CV-00061-MW-MAF**

**JEFFREY MAZERAC,**
**et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The *pro se* plaintiff, Troy M. Hill, an inmate convicted on a federal charge of possession of a firearm and ammunition by a convicted felon, initiated this civil rights case pursuant to 18 U.S.C. § 1983 and filed an amended complaint. ECF Nos. 1, 20. Hill alleged certain defendants violated his right to be free from unreasonable search and seizure, fabricated evidence to conduct an illegal arrest, and used excessive force during the arrest. See ECF No. 12, pp. 5-15.

The Undersigned conducted an initial screening of the operative complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A. For the reasons stated below, it is recommended that excessive use of force against Defendants Mazerac and Rodgers PROCEED, but all other claims be DISMISSED.

I. **Hill's Amended Complaint, ECF No. 20.**

Hill sued six defendants all of whom were officers with the Tallahassee Police Department at the time of the events in question. ECF No. 20, pp. 1-3, 14. Hill sued Jeffrey Mazerac, Justin Rodgers, and Joshua Carswell, in their individual- and official capacities. Id., pp. 1-3. Hill sued Andrew Mixion, Corey Hale, and "Farmer" solely in their official capacities. Id., p. 14. Plaintiff alleges that Defendants violated his rights under the Fourth- and Fourteenth Amendments. Id., p. 15.

According to Hill, on February 16, 2021, he was sitting in a vehicle when five officers -- Mixion, Rodgers, Farmer, Mazerac, and Hale -- "wearing ski mask(s) pointing guns screaming obscene and threatening language" beat on the window and yelled "put your hands up . . . don't move!" Id., pp. 5-6. Hill states he fully complied and did not try to flee but was "snatched from the vehicle slung on the ground." Id. Officers put their knees on Hill's neck and back to restrain him. Id. During the incident, a firearm fell to the ground and slid away from Hill. Id. The five officers became more aggressive and were on Hill's back. Id. Hill and family members informed the officers that Hill had a tumor on his back, but they stayed on Hill. Id.

Officers eventually let Hill get up, but he could not walk because he lost feeling in his right leg; his leg was "damaged" from the assault, though

Hill does not explain any injury or necessary treatment. Id. Mazerac tried shutting the door on Hill's legs because he thought Hill was faking. Id.

Hill claims that the arrest was based on Rodgers' complaint that, four days earlier, he observed Hill conduct a drug sale and flee from law enforcement. Id., pp. 6-7. Rodgers and Carswell "fabricated evidence" that led to the probable cause affidavit used in his arrest and detention; Hill described Rodgers' and Carswell's allegations and testimony. Id., pp. 8-11. Hill maintains he was detained in Leon County Jail until November 2021, when the state charges were dismissed. Id. According to Hill, the state dismissed the charges because the evidence and allegations were fabricated. Id., p. 7.

Hill also claims that Defendants' actions and his subsequent ten-month pretrial detention in Leon County Jail resulted in being charged with violating the terms of his probation for certain Wakulla County convictions. Id., p. 11. Hill had to pay $9,500 in a bond for the state criminal case. Id., p. 12

Hill seeks punitive damages for the time he was held in state custody "on fabricated evidence," $9,500 for the bond he had to post, an unclear amount of damages ("$1,2500") from Rodgers, Mazerac, and Carswell; and $50,000 against Mixion, Hale, and Farmer for excessive force. Id., p. 15.

## II.  Standard of Review

Hill is a prisoner seeking redress against governmental entities, employees, or officers. Accordingly, his complaint is subject to screening under 28 U.S.C § 1915A, which does not distinguish between IFP plaintiffs and non-IFP plaintiffs. See 28 U.S.C. § 1915A; see also Thompson v. Hicks, 213 F. App'x 939, 942 (11th Cir. 2007) (*per curiam*). Pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A, a complaint must be dismissed if the court determines a complaint fails to state a claim upon which relief can be granted. See Wright v. Miranda, 740 F. App'x 692, 694 (11th Cir. 2018). In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the most favorable light. See Hughes v. Lott, 350 F.3d 1157, 1159-60 (11th Cir. 2003).

The same standard is used for dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) and § 1915(e)(2)(B)(ii). See Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The court may dismiss a complaint that fails "[t] state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007). "To '[a]void dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." Wright, 470 F. App'x at

694 (citing Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017) (*per curiam*)).

Complaints filed by *pro se* prisoners are held to "[l]ess stringent standards than formal pleadings drafted by lawyers[.]" Haines v. Kerner, 404, U.S. 519, 520 (1972) (*per curiam*). However, although a *pro se* pleading is liberally construed, it still must "[s]uggest that there is some factual support for a claim." Id. "Threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

### III.  Official Capacity Claims

Hill sued all Defendants in their official capacities. These claims are due to be dismissed. The Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. See Wusiya v. City of Miami Beach, 614 F. App'x 389, 393 (11th Cir. 2015). This principle is not abrogated by § 1983 for damage suits; and Florida has not waived its immunity from § 1983 suits. Id. A state and an agency of a state are, thus, immune from liability under § 1983. See Williams v. Robbins, 153 F. App'x 574, 576 (11th Cir. 2005). This Eleventh Amendment Immunity bar applies regardless of whether a plaintiff seeks money damages or prospective injunctive relief.

Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "Suits against state officials in their official capacities therefore should be treated as suits against the State." Holmes v. Hale, 701 F. App'x 751, 753 (11th Cir. 2017).

Florida's sovereign immunity extends to its agencies, subdivisions, or officers. See Alabama v. Pugh, 438 U.S. 781, 782 (1978); Fitzgerald v. McDaniel, 833 F.2d 1516 (11th Cir. 1987). That "bar exists whether the relief sought is legal or equitable." Papasan v. Allain, 478 U.S. 265, 276 (1986). Naming a government official in his official capacity is the equivalent of naming the governmental entity itself. See Kentucky v. Graham, 473 U.S. 159, 169 (1985). A state official, however, may be sued in his official capacity when the suit alleges a constitutional violation by the official, acting in his official capacity and seeks only prospective injunctive relief. See Grizzle v. Kemp, 634 F.3d 1314, 1319 (11th Cir. 2011).

Here, Hill does not seek any injunctive relief; he only seeks compensatory and punitive damages. At the time of the incident, Defendants were employed as Tallahassee Police Department officers, a state entity entitled to Eleventh Amendment Immunity. This immunity extends to Defendants. Accordingly, the official capacity claims against all Defendants should be dismissed. Since Hill sued Mixion, Hale, and Farmer solely in their

official capacities, no claims can survive against them. Rodgers and Carswell were also sued in their individual capacities for allegedly fabricating evidence or other actions leading to Hill's arrest and pretrial detention, but those claims are foreclosed by Supreme Court precedent as explained in the next section.

### IV. Futility of Claims under Heck v. Humphrey, 512 U.S. 477 (1994) and Certain Claims are Moot.

#### A. Claims of fabrication of evidence, illegal arrest, and deprivation of a fair trial are Heck barred.

Hill's claims against Defendants Rodgers and Carswell (in their individual capacities) alleging their fabrication of evidence led to Hill's illegal arrest and detention in Leon County Jail are barred by Heck. There are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." McCarthy v. Bronson, 500 U.S. 136, 140 (1991 (citing Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of 1983." Heck v. Humphrey, 512 U.S. 477, 481 (1994).

Further, a prisoner may not bring a claim for damages under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the

invalidity of his conviction. See Heck, 512 U.S. at 487. As the Supreme Court has noted, the most obvious example of an action barred by Heck is one in which the plaintiff seeks relief directly attributable to conviction or confinement. In the Eleventh Circuit, attacks on the validity of probation revocations are also barred under Heck. See Cobb v. Fla., 293 F. App'x 708, 709 (11th Cir. 2008).

"The Court's purpose was to limit the opportunities for collateral attack on [criminal] convictions because such collateral attacks undermine the finality of criminal proceedings and may create conflicting resolutions of issues." Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (internal citations omitted). Thus, unless a plaintiff can demonstrate that the conviction or sentence "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus," the complaint must be dismissed. Heck, 512 U.S. at 487. This is known as the "favorable termination rule." See Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005). The dismissal of pending state charges for reasons other than the defendant's innocence does not satisfy the Heck favorable-termination requirement. Uboh v. Reno, 141 F.3d 1000, 1004-06 (11th Cir. 1998). Other federal courts have specifically held that the dismissal

of state drug and firearm charges in favor of a federal prosecution is not a "favorable termination" because the dismissal is for purposes other than a plaintiff's innocence of the charges. See Stokes v. Moorman, No. 9:10-1711-CMC, 2010 U.S. Dist. LEXIS 101966, 2010 WL 3862568, at *5 (Aug. 17, 2010) (collecting cases), adopted by 2010 U.S. Dist. LEXIS 102021, 2010 WL 3834470 (D.S.C. Sept. 27, 2010), aff'd, 406 F. App'x. 823 (4th Cir. 2011); see also Thomson v. DelValle, No. 07-cv-4691-BSJ, 2010 U.S. Dist. LEXIS 61459, 2010 WL 2505638 at *3 (S.D.N.Y. June 21, 2010) (A plaintiff convicted on federal charges stemming from the precise conduct underlying his dismissed state charges is not a favorable termination). See also Kundratic v. Thomas, 407 F. App'x 625, 629 (3d Cir. 2011) (Heck applied where a "bogus" assault charge was dismissed because plaintiff's conviction on the related harassment charge demonstrated "as a whole" there was no favorable termination of the criminal proceeding). Conversely, "Heck has no application if the plaintiff has not been convicted of an offense that derives from a common nucleus of operative fact with the offense underlying his § 1983 claim." Henley v. Payne, 945 F.3d 1320, 1328 (11th Cir. 2019).

Here, Hill is not challenging the *conditions* of any confinement but clearly challenges the *validity* of his arrest and pre-trial confinement. In the instant case, challenging the facts of an arrest is clearly barred by Heck.

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of Hill's underlying state- and federal criminal cases: Leon County Case No. 37-2021-CF-000442A, <u>State v. Hill</u>, and N.D. Fla. Case No. 4:21-cr-00051-AW-MAF, <u>United States v. Hill</u>.

In the state case, Hill was arrested on February 16, 2021; an arrest/probable cause affidavit was filed. <u>See</u> Leon County Case No. 37-2021-CF-000442A, <u>State v. Hill</u>, D.E. No. 6.[1] On February 22, 2021, the state filed an information charging Hill with drug-trafficking, possession of a firearm, fleeing and eluding law enforcement, and other crimes. <u>Id.</u>, D.E. No. 21. The state court set bond at $25,000; and Hill, eventually, posted the surety bond. <u>Id.</u>, D.E. Nos. 2, 12, 165. Significantly, on November 16, 2021, the state entered a nolle prosequi on the following grounds: "***Although there was probable cause for arrest, due to the Defendant being charged in federal court for the same criminal conduct as this case, and in the interest of judicial economy, the state will pursue this matter no further.***" <u>Id.</u>, D.E. No. 171 (bold and italics in original). The arrest was valid. Hill's bond was discharged given the nolle prosse disposition. <u>Id.</u>, D.E. Nos. 165, 172. It is clear that despite Hill's assertions, the state did not

---

[1] This Report uses the citation "D.E. No. ___" to reference the docket entries in the state criminal case.

Case No. 4:23-CV-00061-MW-MAF

dismiss the case due to fabricated evidence but because the same was pursued by federal prosecutors.

Just two weeks prior to the final disposition of the state criminal case, Hill was charged in this federal court on November 2, 2021, in a three-count indictment with possession of a controlled substance, possession of a firearm in furtherance of a drug trafficking crime, and felon in possession of a firearm – the same criminal conduct as the state case and based on the same arrest in question. See United States v. Hill, Case No. 4:21-cr-00051-AW-MAF, ECF No. 1. A superseding indictment was then filed charging Hill solely with being a felon in possession of a firearm. Id., ECF No. 186. A jury convicted Hill of the same; and the Court sentenced Hill to 300 months in federal prison. Id., ECF Nos. 228, 294.

Although the federal drug charges were dropped, if Hill were to succeed on his claims that Rodgers and Carswell fabricated evidence to support Hill's arrest and state charges, it would necessarily undermine his federal conviction because it is an offense derived from the common nucleus of operative facts underlying his Section 1983 claims. The state's decision to dismiss their criminal case is not predicated on Hill's innocence but rather that federal prosecutors were pursuing the charges. Thus, Heck bars Hill's claims against Rodgers and Carswell. Similarly, to the extent Hill claims that

any of the defendants denied him the right to a fair trial, the claim fails. Hill's state case was nolle prossed -- there was no denial of a fair trial. Hill had his trial in this federal court; and to that end, he cannot raise this claim within a Section 1983 action because it is barred by Heck.

Challenges to the validity of Hill's arrest, which ultimately led to the federal case and conviction, and the denial of the right to a fair trial might be properly set forth in a federal habeas petition pursuant to 28 U.S.C. § 2255 (or pursuant to Section 2254 had Hill been convicted in state court), but not in a Section 1983 action. The dismissal of this claim eliminates Carswell as a defendant in this case.

B. Claims challenging pretrial detention at Leon County Jail are moot.

Hill's claims relating to his pretrial confinement and the payment of bail or bond are also futile. If Hill sought to litigate these issues, he was required to do so by filing an appropriate habeas petition -- at the time he was "in custody" -- pursuant to 28 U.S.C. § 2241 and meeting all the requirements for such filing, including the exhaustion of his state court remedies. "A petitioner must alert state courts to any federal claims to allow the state courts an opportunity to review and correct the claimed violations of his federal rights." Jimenez v. Fla. Dep't of Corr., 481 F.3d 1337 (11th Cir. 2007) (citation omitted). Failure to exhaust a claim can result in a procedural default

bar in federal court if it is obvious that at the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). However, once a petitioner is convicted, his claims concerning pre-trial confinement are moot. Murphy v. Hunt, 455 U.S. 478, 481 (1982). Claims for relief regarding pretrial issues are mooted by a subsequent conviction. Powers v. Schwartz, 587 F.2d 783, 783-84 (5th Cir. 1979). Consequently, constitutional claims related to pretrial matters should be litigated promptly.

Hill is no longer a pretrial detainee; he is now a convicted federal prisoner. "Dismissal is required because mootness is jurisdictional." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). This Court is without jurisdiction to consider whether Hill ever raised this claim in state court because the case is moot.

**V. Excessive Force Claims against Defendants Rodgers and Mazerac Should Proceed.**

With Mixion, Farmer, and Hale dismissed from this lawsuit because they were sued only in their official capacities, only the excessive force claims remain against Defendants Rodgers and Mazerac. The Fourth Amendment "encompasses the right to be free from the use of excessive force in the course of an arrest." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11th Cir. 2002) (citations omitted). "The question is whether the officer's

conduct is objectively reasonable in light of the facts confronting the officer" (Id., citing Graham v. Connor, 490 U.S. 386, 394-95 (1989) and "without regard to his underlying intent or motivation." Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004). Courts look to "the need for force, the amount of force used, and the injury inflicted." Jones v. City of Dothan, Ala., 121 F.3d 1456, 1460 (11th Cir. 1997).

The court requires a plaintiff to suffer some form of injury that is more than *de minimis*. The application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment. Stephens v. DeGiovanni, 852 F.3d 1298, 1326 n.30 (11th Cir. 2017) citing Nolan v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000). "The right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof, and the typical arrest involves some force and injury." Sebastian v. Ortiz, 918 F.3d 1301, 1308 (11th Cir. 2019).

Here, Hill alleged that he was pulled out of the vehicle, thrown face down onto the ground; and officers placed their knees on Hill's neck and back. ECF No. 20, p. 5. Hill maintains that he did not resist arrest. Id. Officers remained on Hill's back despite family pleas to officers that Hill had a tumor on his spine. Id., p. 6. Officers finally allowed Hill to get up, but he was unable to walk because his leg had no feeling and was "damaged." Id. Still, Mazerac

tried to shut Hill's legs in the car door because he thought Hill was faking. Id. Hill had to be transferred to a hospital. Id.

At this early stage, for an excessive force claim to survive screening, it must be determined whether the officer's conduct is "objectively reasonable in light of the facts confronting the officer." Vinyard, 311 F.3d at 1347. If accepted as true, Hill's claims that he did not resist arrest, but several officers threw him face down on the ground, jumped on his back and neck, and then attempted to shut his legs in the door to test whether Hill was faking any injury, are sufficient to state an excessive force claim against Defendants Rodgers and Mazerac.

## VI.   Conclusion and Recommendation

For the reasons stated above, it is respectfully recommended that:

1. The excessive force claims against Defendants Mixion, Hale, and Farmer, who were sued solely in their official capacities, be **DISMISSED** because they are barred by the Eleventh Amendment.

2. The official capacity claims against Defendants Rodgers, Mazerac, and Carswell be **DISMISSED** because they are barred by the Eleventh Amendment.

3. The claims alleging the fabrication of evidence, illegal arrest, and the denial of a fair trial in violation of the Fourth- and Fourteenth

Amendments, against Defendants Rodgers and Carswell be **DISMISSED** because they are barred by <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

4. The claims alleging unlawful pretrial detention, in violation of the Fourth Amendment, be **DISMISSED** as **MOOT** given Hill's conviction.

5. The excessive force claims, in violation of the Fourth Amendment, **PROCEED** against Defendants Rodgers and Mazerac, solely in their individual capacities.

6. The case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on May 25, 2023.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).