IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

TROY M. HILL,

    *Plaintiff*,

v.                                    Case No.: 4:23cv61-MW/MAF

JEFFREY MAZERAC, et al.,

    *Defendants*.

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This Court has considered, without hearing, the Magistrate Judge's Report and Recommendation, ECF No. 22, and has also reviewed *de novo* Plaintiff's objections, ECF No. 25.

Plaintiff correctly notes the general proposition that a successful § 1983 action for Fourth Amendment search and seizure violations does not necessarily imply the invalidity of a conviction, and thus, *Heck* does not generally bar such claims. *See Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). However, having considered the factual basis for Plaintiff's underlying conviction—possession of a firearm by convicted felon—and the allegations giving rise to Plaintiff's § 1983 claim, this Court agrees with the Magistrate Judge that this case is barred by *Heck*. Here, Plaintiff alleges his illegal search and seizure are the result of Defendant's fabricated evidence and that the traffic stop that resulted in his arrest for, among other things,

the firearm in his possession would not have happened but for Defendants' fabricated evidence. In other words, his § 1983 claim is inextricably intertwined with the factual basis for his underlying conviction. This is not a case where doctrines like independent source, inevitable discovery, or harmless error would permit a § 1983 claim to succeed without necessarily implying Plaintiff's conviction was unlawful. *See id*. (quoting *Heck v. Humphrey*, 512 U.S. 477, 487 n.7 (1994)).

Accordingly,

**IT IS ORDERED**:

The report and recommendation, ECF No. 22, is **accepted and adopted**, over the Plaintiff's objections, as this Court's opinion. Plaintiff's excessive force claims against Defendants Mixion, Hale, and Farmer, who were sued solely in their official capacities, are **DISMISSED as barred by the Eleventh Amendment**. The official capacity claims against Defendants Rodgers, Mazerac, and Carswell are **DISMISSED as barred by the Eleventh Amendment**. Plaintiff's claims alleging fabrication of evidence, illegal arrest, and the denial of a fair trial in violation of the Fourth and Fourteenth Amendments are D**ISMISSED as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994)**. Plaintiff's claims alleging unlawful pretrial detention, in violation of the Fourth Amendment, are **DISMISSED as moot** given Plaintiff's conviction.

Plaintiff's excessive force claims, in violation of the Fourth Amendment, may proceed against Defendants Rodgers and Mazerac, solely in their individual capacities. This case is referred back to the Magistrate Judge for further proceedings.

**SO ORDERED on July 6, 2023.**

<u>s/Mark E. Walker</u>
**Chief United States District Judge**
