**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION,**

**TROY M. HILL,**

    **Plaintiff,**

vs.                                     **CASE NO. 4:23-CV-00061-MW-MAF**

**JEFFREY MAZERAC,
et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, Troy M. Hill, a prisoner proceeding *pro se*, initiated this civil rights case pursuant to 18 U.S.C. § 1983 and filed an amended complaint, which was screened by the Court. ECF Nos. 1, 20. The undersigned issued a Report recommending that the excessive force claims against Rodgers and Mazerac should proceed.[1] ECF No. 22. The Court adopted the Report and dismissed all other claims and defendants. ECF No. 26.

Defendants Rodgers and Mazerac filed a motion to dismiss. ECF No. 34. Hill filed a Response. ECF No. 36. For the reasons stated below, it

---

[1] Hill initially sued six officers of the Tallahassee Police Department alleging they violated his right to be free from unreasonable search and seizure, fabricated evidence to illegally arrest him, and used excessive force during the arrest. See ECF No. 20.

is recommended that excessive use of force claims against Defendants Mazerac and Rodgers proceed.

## I. Hill's Amended Complaint, ECF No. 20.

The undersigned outlined the substance of Hill's amended complaint in an earlier Report and Recommendation. ECF No. 22. To maintain brevity, only the facts relating to Rodgers and Mazerac are discussed here.

According to Hill, on February 16, 2021, he was sitting in a vehicle when five officers -- including Rodgers and Mazerac -- "wearing ski mask(s) pointing guns screaming obscene and threatening language" beat on the window and yelled "put your hands up . . . don't move!" Id., pp. 5-6. Hill states he fully complied and did not try to flee but was "snatched from the vehicle slung on the ground." Id. Officers put their knees on Hill's neck and back to restrain him. Id. During the incident, a firearm fell to the ground and slid away from Hill. Id. The five officers became more aggressive and were on Hill's back. Id. Hill and family members informed the officers that Hill had a tumor on his back, but they stayed on Hill. Id.

Officers eventually let Hill get up, but he could not walk because he lost feeling in his right leg; his leg was "damaged" from the assault, though Hill does not explain any injury. Id. Still, Mazerac tried shutting the door on Hill's legs because he thought Hill was faking an injury. Id.

Hill claims that the arrest was based on Rodgers' complaint that, four days earlier, he observed Hill conduct a drug sale and flee from law enforcement. Id., pp. 6-7. Hill seeks an unclear amount of money damages ("$1,2500") from Defendants. Id., p. 15.

## II. Standard of Review

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a motion to dismiss, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). Although legal conclusions can provide the framework of the complaint, they must be supported by factual allegations. Id. at 679. Detailed factual allegations are not required, but the complaint must offer more than "labels and conclusions" or "a formulaic recitation of the elements of the cause of action." Twombly, 550 U.S. at 555 (citation omitted). The factual allegations must adequately "raise a right to relief above the speculative level." Id.

(citations omitted). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." Sinaltrainal v. Coca-Cola Co., 578 F.3d 1252, 1261 (11th Cir. 2009) (citation omitted), *abrogated on other grounds by* Mohamad v. Palestinian Auth., 566 U.S. 449 (2012).

When considering a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. See Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1369 (11th Cir. 1997) (citing SEC v. ESM Grp., Inc., 835 F.2d 270, 272 (11th Cir. 1988)).

### III.    Defendants Motion to Dismiss, ECF No. 34.

Defendants Mazerac and Rodgers moved to have all claims dismissed. ECF No. 34. According to Defendants, Hill's complaint does not "satisfy the minimum pleading requirements"; therefore, they "are unable to frame a proper reply." Id., p. 3. Defendants argue the complaint fails to comport with Fed. R. Civ. P. 10(b) because there are no numbered paragraphs; and it is a shotgun pleading. Defendants maintain they cannot address the complaint because "it lumps the Defendants together as a collective group." Id., p. 5.

### IV.    Hill's Response, ECF No. 36.

Hill maintains that his complaint is not a shotgun pleading and that his claims of excessive force are legally sufficient. ECF No. 36, pp. 1-2. Hill

correctly cites to <u>Patel v. City of Madison</u>, 959 F.3d 1330, 1340 (11th Cir. 2020) for the premise that officers are not permitted to use gratuitous force on a suspect who is not resisting and is obeying commands. <u>Id.</u>, p. 3. Hill repeats his allegations that the five officers who assaulted him were in ski masks and had guns pointed at him; and despite his compliance, as a group, they physically assaulted him. <u>Id.</u> Mazerac and Rodgers were two of the five officers. <u>Id.</u> Hill insists that he complied with the officers' directives to "not move" and had "his hands up" when he was thrown to the ground. <u>Id.</u>, p. 4. Hill also cites to <u>Velazquez v. Hialeah</u>, 484 F.3d 1340, 1342 (11th Cir. 2007) and its progeny and maintains the motion to dismiss should be denied. <u>Id.</u>, pp. 5-7.

**V.  Excessive Force Claims against Defendants Rodgers and Mazerac Should Proceed.**

This Court screened Hill's complaint and dismissed the claims against the other officers alleged to be involved in the assault against Hill because they were sued only in their official capacities for money damages, which is barred under the Eleventh Amendment. ECF No. 22, 26. Therefore, the only excessive force claims permitted to proceed were those against Defendants Rodgers and Mazerac, in their individual capacities. <u>Id.</u>

The Fourth Amendment "encompasses the right to be free from the use of excessive force in the course of an arrest." <u>Vinyard v. Wilson</u>, 311

Case No. 4:23-CV-00061-MW-MAF

F.3d 1340, 1347 (11th Cir. 2002) (citations omitted). "The question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer" (Id., citing Graham v. Connor, 490 U.S. 386, 394-95 (1989) and "without regard to his underlying intent or motivation." Estate of Kesinger v. Herrington, 381 F.3d 1243, 1248 (11th Cir. 2004). Courts look to "the need for force, the amount of force used, and the injury inflicted." Jones v. City of Dothan, Ala., 121 F.3d 1456, 1460 (11th Cir. 1997). An officer can also violate the Fourth Amendment by not intervening when another officer used excessive force. Byrd v. Clark, 783 F.2d 1002, 1007 (11th Cir. 1986). This liability arises when the officer was in a position to intervene but failed to do so. Priester v. City of Riviera Beach, 208 F.3d 919, 927 (11th Cir. 2000).

    The court requires a plaintiff to suffer some form of injury that is more than *de minimis*. The application of *de minimis* force, without more, will not support a claim for excessive force in violation of the Fourth Amendment. Stephens v. DeGiovanni, 852 F.3d 1298, 1326 n.30 (11th Cir. 2017) citing Nolan v. Isbell, 207 F.3d 1253, 1257 (11th Cir. 2000). "The right to make an arrest necessarily carries with it the right to use some degree of physical coercion or threat thereof, and the typical arrest involves some force and injury." Sebastian v. Ortiz, 918 F.3d 1301, 1308 (11th Cir. 2019).

Contrary to Defendants' assertions, the reason Hill "lump[ed]" them "together as a collective group" is because Hill specifically alleged the five officers -- as a group -- pulled him out of his vehicle, threw him face down onto the ground, and pinned him there by placing their knees on Hill's neck and back. ECF No. 20, p. 5. Hill maintained that he never resisted arrest and did not provoke the officers; so, their actions were unjustified. Id. Hill further alleged that the five officers remained on his back even though his family "scream[ed]" for them to stop because Hill had a tumor on his spine. Id., p. 6. Officers finally allowed Hill to get up, but Hill was unable to walk because his leg "lost feeling" and was "further damaged." Id. Moreover, Hill explicitly stated that Mazerac attempted to shut Hill's legs in the car door simply because Mazerac thought Hill was faking. Id. Hill was transferred from the scene to a hospital. Id.

> The Eleventh Circuit has made clear that:
>
> . . . 'an officer who is present at the scene and who fails to take reasonable steps to protect the victim of another officer's use of excessive force, can be held liable for his nonfeasance.' Skrtich v. Thornton, 280 F.3d 1295, 1302 (11th Cir. 2002) (quoting Fundiller v. Cooper City, 777 F.2d 1436, 1441-42 (11th Cir. 1985); Priester v. City of Riviera Beach, Fla., 208 F.3d 919, 924 (11th Cir. 2000). Therefore, an officer who is present at such a beating and fails to intervene may be held liable though he administered no blow. Id. Furthermore, in Skrtich, we expressly rejected the argument that "the force administered by each defendant in [a] collective beating must be analyzed separately to

determine which of the defendants' blows, if any, used excessive force." 280 F.3d at 1302.

<u>Velazquez v. City of Hialeah</u>, 484 F.3d 1340, 1341-42 (11th Cir. 2007).

At this early stage, and if accepted as true, Hill's allegations "contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." <u>Iqbal</u>, 556 U.S. at 678. Therefore, this case should proceed to the discovery phase.

## VI.   Conclusion and Recommendation

For the reasons stated above, it is respectfully **RECOMMENDED** that:

1. Defendant's Motion to Dismiss, ECF No. 34, be **DENIED**.

2. The excessive force claims, in violation of the Fourth Amendment, **PROCEED** against Defendants Rodgers and Mazerac, solely in their individual capacities.

3. The case be remanded to the Undersigned for further proceedings.

IN CHAMBERS at Tallahassee, Florida, on January 16, 2024.

<u>s/ Martin A. Fitzpatrick</u>
MARTIN A. FITZPATRICK
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2).

Case No. 4:23-CV-00061-MW-MAF

A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. <u>See</u> 11th Cir. Rule 3-1; 28 U.S.C. § 636(b)(1)(C).